﻿Citation Nr: AXXXXXXXX
Decision Date: 10/30/19 Archive Date: 10/30/19

DOCKET NO. 190506-8387
DATE: October 30, 2019

REMANDED

The claim of entitlement to service connection for a pulmonary disability is remanded.

REASONS FOR REMAND

The Veteran honorably served on active duty from August 1964 to July 1968. In a January 2016 rating decision, the Regional Office denied his claim for service connection for a pulmonary disability. The Veteran disagreed with the rating decision and eventually appealed to the Board. The Veteran subsequently 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. 

The Veteran chose the direct evidence lane to the Board meaning that the Board’s decision is based on review of the evidence of record at the time of the Agency of Original Jurisdiction (AOJ) decision on the issue or issues on appeal. Here, the Veteran opted in after the issuance of a statement of the case (SOC) issued March18, 2019. This document serves as the decisional document for the purposes of determining the closure of the appeal and evidentiary periods.

As reflected in his notices of disagreement received in November 2016, and May 2019, and in a transcript of his DRO hearing received in July 2018, the Veteran believes that he may have incurred his pulmonary problems due to his exposure to asbestos and other chemicals aboard the naval vessels where he served as a torpedoman while systematically being exposed to an array of chemical agents, to include benzene, kerosene, tetrol, and hydrocarbons, in enclosed spaces with poor ventilation and without any respiratory protection. Even if this exposure has not directly caused his current pulmonary disability, the Veteran is contending that this exposure may have caused his asthma which in turn may have caused his bronchiolectasis. In the alternative, this exposure may have aggravated his current pulmonary disability; or, his service-connected rhinitis may have caused or aggravated his pulmonary disability. 

In support of these contentions, the Veteran submitted scientific articles received in August 2018, which discuss an association between hazard exposures and various pulmonary conditions. In January 2017, VA also received the progress notes from his private pulmonologist, Dr. R.A., who opines that the Veteran’s exposure to different chemicals in service likely contributed his respiratory condition. 

In March 2019, VA provided an examination to evaluate the nature and etiology of the Veteran’s claimed pulmonary disability. Unfortunately, the examination report does not reflect any discussion of the scientific evidence or Dr. R.A.’s opinion. 

Here, while a VA examination was obtained, the examiner did not address the medical treatise that were of record, and spent a large portion of the rationale addressing the risks of smoking when the Veteran was a career non-smoker. Finally, the examiner did not address the notations in Dr. R.A.’s treatment records addressing a possible link between the Veteran’s disability and his military service, to include exposures therein. In the Board’s judgement, it was a duty to assist error on the part of the Agency of Original Jurisdiction (AOJ) not to seek clarification of this opinion.

As such, the Board finds that a supplemental medical opinion is necessary.

Accordingly, the matter is REMANDED for the following action:

Obtain an etiological opinion as to the Veteran’s current pulmonary disability, to include bronchiectasis, asthma, and COPD. The examiner is asked to review, consider, and discuss the Veteran’s contentions and the supporting evidence, to include the scientific articles received in August 2018, Dr. R.A.’s opinion received in January 2017, and the DRO hearing transcript received in July 2018, and answer the following questions:

a) Is it at least as likely as not (50 percent probability or greater) that the Veteran’s bronchiectasis, asthma, and/or COPD either began during or were otherwise caused by his military service, to include as a result of exposure to asbestos and/or other chemicals (as identified in this remand)? Why or why not?

b) Is it at least as likely as not that the Veteran’s bronchiectasis was caused by his asthma? Why or why not?

(Continued on the next page)

 

c) Is it at least as likely as not that the Veteran’s bronchiectasis was aggravated (made worse) by his asthma? Why or why not?

d) Is it at least as likely as not that the Veteran’s bronchiectasis, asthma, and/or COPD were caused or aggravated (made worse) by his service-connected allergic rhinitis? Why or why not?

 

MATTHEW W. BLACKWELDER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Bardin, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.